# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| ANNAMARIE HANNAY, ADDA GAPE, and JOHN KOHL, | ) ) ) ) No. |
| Plaintiffs, | ) ) ) |
| v. | ) ) |
| AMERICAN FEDERATION OF STATE, COUNTY, AND MUNICIPAL EMPLOYEES, OHIO COUNCIL 8; KENT STATE UNIVERSITY EMPLOYEES LOCAL 153; RALPH M. DELLA RATTA, Chair, Board of Trustees of Kent State University, SHAWN M. RILEY, Vice Chair, VIRGINIA C. ADDICOTT, Trustee, MARGOT JAMES COPELAND, Trustee, REV. DR. TODD C. DAVIDSON, Trustee, ROB S. FROST, Trustee, ROBIN M. KILBRIDE, Trustee, DONALD L. MASON, Trustee, STEPHEN A. PERRY, Trustee, CATHERINE L. ROSS, Trustee, MICHAEL D. SOLOMON, Trustee, all in their official capacities; and F. JACK WITT III, Vice President for Human Resources, Kent State University, in his official capacity. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## COMPLAINT

Annamarie Hannay, Adda Gape, and John Kohl, for their Complaint against the named Defendants, alleges as follows:

1

1. This action challenges Defendants' unlawful scheme of withholding money from the paychecks of public employees to fund the speech and petitioning of a labor union without their affirmative consent.

2. Government employees have a First Amendment right not to be compelled by their employer to join a union or to pay any fees to that union unless an employee "affirmatively consents" to waive that right. *Janus v. AFSCME*, 138 S. Ct. 2448, 2486 (2018). Such a waiver must be "freely given and shown by 'clear and compelling' evidence." *Id*.

3. Union dues checkoff authorizations signed by government employees in Ohio before the Supreme Court's decision in *Janus* cannot constitute affirmative consent by those employees to waive their First Amendment right to not pay union dues or fees. Union members who signed such agreements could not have freely waived their right not to join and not to pay a union because the Supreme Court had not yet recognized that right.

4. Because Plaintiffs have not provided affirmative consent to waive their First Amendment right not to join and not to pay a union, Defendants have violated Plaintiffs' First Amendment rights by maintaining Plaintiffs' union membership and by withholding union dues from their paychecks.

5. Therefore, Plaintiffs bring this suit under 42 U.S.C. § 1983 and 28 U.S.C. § 2201(a) seeking declaratory and injunctive relief, as well as damages in the amount of the dues deducted from their paychecks.

**PARTIES**

6. Plaintiffs are employees of Kent State University ("Kent State"). Plaintiff Hannay resides in Tallmadge, Ohio. Plaintiff Gape resides in Rootstown, Ohio. Plaintiff Kohl resides in Stow, Ohio.

7. Defendant American Federation of State, County, and Municipal Employees Ohio Council 8 ("Council 8") is a statewide labor union headquartered in Worthington, Ohio, and includes among its members state, university, county, and municipal government employees across Ohio.

8. Defendant Kent State University Employees Local 153 ("Local 153") is the local affiliate of Council 8 that represents non-professor bargaining unit employees who work at Kent State.

9. Defendants Ralph M. Della Ratta, Shawn M. Riley, Virginia C. Addicott, Margot James Copeland, Rev. Dr. Todd C. Davidson, Rob S. Frost, Robin M. Kilbride, Donald L. Mason, Stephen A. Perry, Catherine L. Ross, and Michael D. Solomon are members of the Board of Trustees of Kent State University (collectively "Trustees of the Board"). They are sued in their official capacities. Kent State is a public university of the State of Ohio. *See* ORC Ann. 3345.011. The Board of Trustees is the governing body of Kent State University. ORC Ann. 3341.02(C). Among other things, the Board of Trustees is responsible for approving contracts entered into by Kent State. Ohio Admin. Code § 3342-5-04.1; 3342-5-04.

10. Defendant F. Jack Witt, III is sued in his official capacity as vice president for human resources at Kent State. He is the lead signatory for Kent State on the collective bargaining agreement between Kent State and Defendants Council 8 and Local 153. His office is located in Kent, Ohio.

## JURISDICTION AND VENUE

11. This case raises claims under the First and Fourteenth Amendments of the United State Constitution and 42 U.S.C. § 1983. The Court has subject-matter jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

3

12. Venue is appropriate under 28 U.S.C. § 1391(b) because a substantial portion of the events giving rise to the claims occurred in the Northern District of Ohio.

## FACTS

13. Acting in concert under color of state law, Kent State University, through Defendants Trustees of the Board and F. Jack Witt, III, entered into a collective bargaining agreement, ("Agreement"), with Council 8 and Local 153 effective October 1, 2017 through September 30, 2019. **Exhibit A.** Defendant Witt was the lead signatory to the Agreement on behalf of Kent State.

14. Ohio's Public Employees' Collective Bargaining Act ("Act"), Ohio Revised Code § 4117, requires that collective bargaining agreements between a union and a public employer "shall contain a provision that . . . [a]uthorizes the public employer to deduct the periodic dues, initiation fees, and assessments of members of the exclusive representative upon presentation of a written deduction authorization by the employee." ORC Ann. § 4117.09(B)(2).

15. The Agreement contains an article entitled "Union Security and Checkoff" which provides, in relevant part:

> The University will deduct periodic dues, initiation fees and assessments from the pay of members of the union covered by this Agreement upon receipt of individually signed cards authorizing such deduction for payment to the Union. Payroll deductions shall be made each pay period. In order to commence checkoff, the authorization card must be received by the appropriate administrator in charge of Employee/Labor Relations or their designee in the pay period for which the deduction is requested.

Article 7(A), p. 5-6, Exhibit A.

16. The Ohio Administrative Code allowed Kent State to deduct union dues from the pay of union members, including Plaintiffs. O.A.C. 3342-7-02.3(A)(3).

17. Plaintiff Annamarie Hannay is an employee of Kent State, where she has served as a custodian in residential services since November 2016.

18. On September 7, 2017, Ms. Hannay signed an Authorization/Membership and Checkoff card with Council 8 and Local 153. Ms. Hannay joined the union because, at the time that she signed the Checkoff card, the Agreement and the Act required her to pay money to the union even as a non-member, in the form of agency fees. The Checkoff card provided that Ms. Hannay may only resign her membership and stop union dues from being deducted from her paycheck by providing notice between 30 and 45 days before the expiration of the Agreement. **Exhibit B.**

19. Plaintiff Adda Gape is an employee of Kent State, where she has served as a custodian in residential services since October 2011.

20. On March 29, 2012, Ms. Gape signed an Authorization/Membership and Checkoff card with Council 8 and Local 153. Ms. Gape joined the union because, at the time that she signed the Checkoff card, the Agreement and the Act required her to pay money to the union even as a non-member, in the form of agency fees. The Checkoff card provided that Ms. Gape may only resign her membership and stop union dues from being deducted from her paycheck by providing notice between 30 and 45 days before the expiration of the Agreement. **Exhibit C.**

21. Plaintiff John Kohl is an employee of Kent State, where he has served as a custodian in residential service since January 2010.

22. Mr. Kohl does not have evidence as to whether he ever signed an Authorization/Membership and Checkoff card with Council 8 and Local 153. Mr. Kohl does not possess any such card himself, and has not been able to obtain a copy of any such card from Defendants, despite requesting a copy from Local 153 by phone. Assuming, *arguendo,* that he

did sign a card and thereby became a member of the union, Mr. Kohl stipulates that he only would have done so because, at the time that he began his employment, the Agreement and the Act required him to pay money to the union even as a non-member, in the form of agency fees. Assuming, *arguendo*, that Mr. Kohl did sign a Checkoff card, then on information and belief, such a card (like the cards Plaintiffs Hannay and Gape signed) would have provided that Mr. Kohl may only resign his membership and stop union dues from being deducted from his paycheck by providing notice between 30 and 45 days before the expiration of the Agreement.

23. After the Supreme Court issued its decision in *Janus* on June 27, 2018, Plaintiffs learned that they had the right both to be non-members of the union and pay no money to the union.

24. In August 2018, Plaintiffs Hannay and Gape sent letters to Kent State and Council 8 resigning from the union and asking Defendants to stop withholding dues from their paychecks. Council 8 and Local 153 did not respond to Plaintiffs Hannay and Gape's letters. **Exhibit D.**

25. On October 18, 2018, counsel for Plaintiffs sent a letter to Kent State requesting that it stop withholding dues from Plaintiffs' paychecks and advising Kent State that withholding dues from Plaintiffs' paycheck violated their First Amendment rights. Kent State did not respond to that letter. **Exhibit E.**

26. On January 25, 2019, Defendant Council 8 sent a letter to Plaintiffs advising them that, pursuant to a settlement in a separate matter, members of Council 8 may only exercise their right to opt-out of the union once per year during a 15-day window preceding the anniversary of their signature on a union card. **Exhibit F.**

27. The anniversary date on which Plaintiff Hannay signed her dues membership card and dues checkoff authorization was September 7. Under the terms of Council 8's January 25, 2019 letter, the Defendants' announced position is that Ms. Hannay may not resign her membership and stop dues deduction from her paycheck unless she issues a formal request during the 15-day window that begins 25 days before September 7 and ends 10 days before September 7.

28. The anniversary date on which Plaintiff Gape signed her dues membership card and dues checkoff authorization was March 29. Under the terms of Council 8's January 25, 2019 letter, the Defendants' announced position is that Ms. Gape may not resign her membership and stop dues from being deducted from her paycheck unless she issues a formal request during the 15-day window that begins 25 days before March 29 and ends 10 days before March 29.

29. In accordance with this procedure, on March 8, 2019, Plaintiff Gape sent a letter to the union and a letter to Kent State informing them that she was resigning her membership and that dues should stop being withheld from her paycheck. **Exhibit G.**

30. Because Plaintiff Kohl has been unable to obtain a membership and dues Checkoff card from the union, he does not know whether he has an anniversary date, and if he does, when it would fall. Therefore, assuming *arguendo,* that Mr. Kohl is a member of the union, he cannot determine the opt-out window specified by Council 8's January 25, 2019 letter.

31. After the Supreme Court's decision in *Janus* on June 27, 2018, the Plaintiffs did not provide affirmative consent to remain members of Defendants Council 8 or Local 153 or to having union dues withheld from their paychecks by Defendant Kent State. Indeed, Plaintiffs Hannay and Gape individually, and all the Plaintiffs through counsel, have contacted Defendants

after *Janus* to resign their memberships and to affirmatively object to any dues or fees being taken from their paychecks to support the union and its speech.

32. Even so, Kent State, through Defendants Trustees of the Board and Mr. Witt, continues to unlawfully deduct dues from Plaintiffs' paychecks under color of state law.

33. Acting pursuant to the Agreement and the Act, Defendant Council 8 is acting in concert with the Trustees of the Board of Kent State and Mr. Witt to unlawfully collect union dues from Plaintiffs' paycheck without their consent.

## CAUSE OF ACTION

**Defendants violated Plaintiffs' rights to free speech and freedom of association protected by the First Amendment of the United States Constitution.**

34. The allegations contained in all preceding paragraphs are incorporated herein by reference.

35. The First Amendment to the United States Constitution provides: "Congress shall make no law . . . abridging the freedom of speech."

36. The Fourteenth Amendment to the United States Constitution incorporates the protection of the First Amendment against the States, providing: "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

37. By requiring Plaintiffs to make financial contributions in support of the Union Defendants, Defendants, through their agreements and actions, have violated Plaintiffs' rights under the First and Fourteenth Amendments to the United States Constitution.

38. By requiring Plaintiffs, who have resigned their union memberships, to take additional steps to cease being subject to compelled financial contributions in support of any

8

union (i.e., an "opt-out" requirement), Defendants have violated the Plaintiffs' rights under the First and Fourteenth Amendments to the United States Constitution.

39. Requiring a government employee to pay money to a union violates that employee's First Amendment rights to free speech and freedom of association unless the employee "affirmatively consents" to waive his or her rights. *Janus v. AFSCME,* 138 S. Ct. 2448, 2486 (2018). Such a waiver must be "freely given and shown by 'clear and compelling' evidence." *Id.*

40. The actions of Defendants Council 8, Local 153, the Trustees of the Board, and Mr. Witt constitute a violation of Plaintiffs' First Amendment rights to free speech and freedom of association to not join or financially support a union without their affirmative consent.

41. Plaintiffs who joined the union did not provide affirmative consent to Defendants to deduct dues from their paychecks from the date that they joined the union until June 27, 2018 (the date the *Janus* decision was issued), because unconstitutional agency shop provisions of the Agreement and the Act prohibited them from exercising the option of paying nothing to the union as a non-member.

42. Plaintiffs' purported "consent" to dues collection via a Checkoff card collected prior to the Janus decision was not "freely given" because it was given based on an unconstitutional choice of either union membership or the payment of union agency fees without the benefit of membership. *Janus*, 138 S. Ct. at 2486.

43. If Plaintiffs had a choice between paying union dues and being a member of the union or paying nothing as a non-member, they would have chosen to pay nothing as a non-member. The constitutional defect created by the agency shop arrangement which denied Plaintiffs of the option of paying nothing as a non-member also denied Plaintiffs of a meaningful

9

choice. Accordingly, Plaintiffs' consent was compelled by the enforcement of unconstitutional agency shop requirements, and not freely given.

44. Far from being able to meet the standard outlined in *Janus*, Defendants to date have failed to provide any evidence that Plaintiff Kohl *ever* consented to payroll deductions. Even so, Defendants continue to unlawfully withhold dues without his consent, in violation of his First Amendment rights.

45. Plaintiffs have no adequate remedy at law.

46. The controversy between Defendants and Plaintiffs is a definite and concrete dispute concerning the legal relations of parties with adverse legal interests.

47. The dispute is real and substantial, as the Unions are continuing to collect fees each month from Plaintiffs' paychecks.

48. The declaratory relief sought is not based on a hypothetical state of facts, nor would it amount to a mere advisory opinion, as the parties dispute the legality of ongoing seizure of a portion of the Plaintiffs' paychecks.

49. As a result of the foregoing, an actual and justiciable controversy exists between the Plaintiffs and the Defendants regarding their respective legal rights, and the matter is ripe for review.

**PRAYER FOR RELIEF**

Plaintiffs Annamarie Hannay, Adda Gape, and John Kohl respectfully request that this Court:

    a.    Enter a judgment declaring that Defendants' collective bargaining agreements, entered under color of and pursuant to Ohio law, violate Plaintiffs' free-speech rights by purporting to limit the ability of Plaintiffs to revoke the authorization to

        withhold union dues from their paychecks to a window of time without affirmative consent;

b.    Enter a judgment declaring that Checkoff cards signed by the Plaintiffs—when such authorization was based on an unconstitutional choice between paying the union as a member or paying the union as a non-member—does not meet the standard for affirmative consent required to waive First Amendment rights announced in *Janus*;

c.    Enter a judgment declaring that Defendants' Trustees of the Board and Mr. Witt practice of withholding union dues from Plaintiffs' paycheck in the absence of affirmative consent is unconstitutional;

d.    Enjoin Defendants Council 8 and Local 153 to immediately allow Plaintiffs to resign their union membership;

e.    Enjoin Defendants Trustees of the Board and Mr. Witt from continuing to deduct, and enjoin Defendant Council 8 from accepting, dues from Plaintiffs' paychecks, unless they first provide freely-given affirmative consent to such deductions;

f.    Award damages against Defendant Council 8 for all union dues collected from Plaintiffs in the absence of valid, freely given affirmative consent;

g.    Award Plaintiffs their costs and attorneys' fees under 42 U.S.C. § 1988; and

h.    Award any further relief to which Plaintiffs may be entitled.

Dated: April 29, 2019

                                        Respectfully Submitted,

                                        **ANNAMARIE HANNAY,**
                                        **ADDA GAPE,** AND

**JOHN KOHL**

By: /s/ Daniel Dew

Jeffrey M. Schwab*  
Illinois Bar No. 6290710  
Daniel R. Suhr*  
Wisconsin Bar No. 1056658  
LIBERTY JUSTICE CENTER  
190 South LaSalle Street, Suite 1500  
Chicago, Illinois 60603  
Telephone (312) 263-7668  
Facsimile (312) 263-7702  
jschwab@libertyjusticecenter.org  
dsuhr@libertyjusticecenter.org  

Daniel Dew (0089502)  
Robert Alt (0091753)  
THE BUCKEYE INSTITUTE  
88 East Broad Street, Suite 1120  
Columbus, OH 43215  
Telephone (614) 224-4422  

*Attorneys for Plaintiffs*

* pro hac vice motions forthcoming