# EXHIBIT E



190 South LaSalle Street, Suite 1500
Chicago, Illinois 60603
312.263.7668

October 18, 2018                                                      **Via email and regular mail**

Jack Witt
Vice President for Human Resources
Kent State University
PO Box 5190
Kent, OH 44242-0001
fjwitt@kent.edu

Dear Mr. Witt:

The Liberty Justice Center has been retained by Annamarie Hannay, John Kohl, and Adda Gape, who are employed by Kent State University.

Our clients seek to resign from the union, AFSCME Local 153, but have been told that they may not do so until the expiration of the contract in October 2019. Our clients have also requested that the University stop withholding union dues from their paycheck, but have been told that the University will not do so unless instructed to do so by the union.

However, the University's position and its actions to continue to withhold union dues from our clients' paychecks is inconsistent with the U.S. Supreme Court's decision in *Janus v. AFSCME*, 138 S. Ct. 2448 (2018). In that case, the Court determined that a government employee cannot be required to pay any dues or fees to a union to maintain his/her job. The Court made it clear that workers must opt into union membership.

Any previous authorizations of membership and/or the deduction of dues or fees signed by an employee, like our clients, are invalid because they were based on an unconstitutional choice: pay dues to a union and become a member, or pay fees to a union as a nonmember. I have enclosed with this letter a legal analysis explaining why government employees in agency fee jurisdictions who signed union dues membership and/or dues deductions authorizations before the Court's decision in *Janus v. AFSCME* on June 27, 2018 cannot be held to the provisions of those authorizations that prevent those employees from immediately resigning from the union and/or require such employees to continue to pay any dues or fees to the union.

Therefore, you are no longer authorized to enforce any authorization our clients may have apparently given pursuant to a signed authorization form, or any authorization that the

University has inferred on our clients' behalf, allowing it to make an automatic payroll deduction for union dues or fees.

Because such authorizations are invalid, the University may not defer to the union to determine whether it may stop withholding union dues or fees, and may not require the union to consent before stopping to withhold union dues or fees from an employee. In addition, because the right not to join or pay a union as a condition of one's employment with a governmental entity is based on the First Amendment to the United States Constitution, any union contract or agreement that requires the University to defer to, or obtain consent from, the union before stopping the withholding of fees from an employer is unconstitutional, and therefore invalid.

Further, as explained in the enclosed legal analysis, any restriction on the timing of revoking a dues/fees deduction is invalid because any previous authorization was signed under a framework *Janus* declared unconstitutional.

Thus, any further collection of dues or fees will constitute a violation of our clients' rights under the U.S. Constitution.

I request that you immediately stop withholding union dues or fees from our clients' paychecks, return any dues withheld from their paychecks after June 27, 2018, and provide confirmation that you have done so.

If you fail to stop withholding union dues or fees from our clients' paychecks, we will consider that a rejection of this request. If you reject our request, they have authorized us to take legal action against you. If we take legal action against you for violating our clients' constitutional rights, we will seek an injunction preventing you from withholding dues from their paychecks, damages for the amount of dues you withheld, and reimbursement of our attorneys' fees from you.

We hope that this matter can be resolved without litigation. If you have any questions, please contact me.

Sincerely,

Jeffrey Schwab
Senior Attorney

cc: Karen Watson (kswatson@kent.edu, email only)



190 South LaSalle Street, Suite 1500
Chicago, Illinois 60603
312.263.7668

**Are union membership and/or dues or fees deduction authorizations signed in agency fee jurisdictions before *Janus v. AFSCME* effective?**

No. Any authorizations of membership and/or the deduction of dues or fees signed prior to *Janus* are invalid because they were based on an unconstitutional choice: pay dues to the union as a member, or pay fees to the union as a nonmember. Therefore, government employees in agency fee jurisdictions who signed union membership and/or dues/fees deduction authorizations before the Court's decision in Janus v. AFSCME on June 27, 2018 cannot be held to the provisions of those authorizations. This includes but is not limited to provisions preventing those employees from immediately resigning from the union and/or requiring such employees to continue to pay any dues or fees to the union, commonly referred to as opt-out windows.

In *Janus v. AFSCME, Council 31*, 138 S. Ct. 2448 (2018), the Supreme Court held that it was unconstitutional for government employers to compel employees to pay union agency fees as a condition of their employment. The Court held that government employees have a First Amendment right not be compelled by their government employer to join a union or pay any fees to that union.

The Court in *Janus* explained that payment to a union could be deducted from a nonmember's wages if that employee "affirmatively consents" to pay.

> Neither an agency fee nor any other payment to the union may be deducted from a nonmember's wages, nor may any other attempt be made to collect such a payment, unless the employee affirmatively consents to pay. By agreeing to pay, nonmembers are waiving their First Amendment rights, and such a waiver cannot be presumed. Rather, to be effective, the waiver must be freely given and shown by "clear and compelling" evidence. Unless employees clearly and affirmatively consent before any money is taken from them, this standard cannot be met.

*Janus*, 138 S. Ct. at 2486 (citations omitted).

Supreme Court precedent provides that certain standards be met in order for a person to properly waive their constitutional rights. First, waiver of a constitutional right must be of a "known right or privilege." *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938). Second, the waiver must be freely given; it must be voluntary, knowing, and intelligently made. *D. H. Overmyer Co. v. Frick Co.*, 405 U.S. 174, 185-86 (1972). Finally, the Court has long held that it will "not presume acquiescence in the loss of fundamental rights." *Ohio Bell Tel. Co. v. Public Utilities Comm'n*, 301 U.S. 292, 307 (1937).

Deductions authorized by government employees in agency fee jurisdictions prior to the Court's decision in *Janus* do not meet the Court's standard for waiving constitutional rights and therefore are invalid.

**Known Right or Privilege**

The Supreme Court has held that waiver of a constitutional right must be of a "known right or privilege," *Curtis Publishing Co. v. Butts*, 388 U.S. 130, 143 (1967) (plurality opinion). Prior to the Court's decision in *Janus*, public employees could not have known that they were waiving a constitutional right because the Court did not officially recognize the right to not pay any dues or fees to a government union until it announced its decision.

Nor can public employees have been presumed to have waived their constitutional right to not be forced to pay a union. Any argument that they should have seen "the handwriting on the wall," *Curtis Publishing*, 338 U.S. at 143, in the Court's other decisions expressing "misgivings about *Abood*," *Janus*, 138 S. Ct. 2484, is inapposite. The Court rejected a similar assertion in *Curtis Publishing*, in which the plaintiff argued a defendant waived his constitutional right by not asserting it prior to a subsequent Supreme Court decision recognizing that right. Even where there were "intimations in a prior opinion" indicating that the Court might recognize such a right, there was also "strong precedent" finding no such rights in the situation before the Court. Therefore, the *Curtis Publishing* Court rejected the argument that the defendant waived his constitutional right because he should have known that he had such a constitutional right even before the Supreme Court issued an opinion recognizing the right.

**Voluntary, knowing, and intelligently made.**

The Court in *Janus* stated that the waiver of an employee's First Amendment right to not pay a union must be "freely given." This requires that such a waiver be voluntary, knowing, and intelligently made. *D. H. Overmyer Co. v. Frick Co.*, 405 U.S. 174, 185-86 (1972). An employee could not have voluntarily entered into a dues/fees deduction agreement before *Janus* in agency fee states because that employee did not have the option of not paying money to the union during that time. Such dues/fees deduction agreements were not freely made because the employees had no choice but to pay the union. And because the Court will not presume the acquiescence of the loss of constitutional rights, it cannot be presumed that these employees freely, knowingly, or intelligently entered into these union deduction authorizations, even if some of the employees might have been willing to agree to pay dues or fees absent the agency fee requirement.

**Clear and compelling evidence**

Because the Court will "not presume acquiescence in the loss of fundamental rights," *Ohio Bell Tel. Co. v. Public Utilities Comm'n*, 301 U.S. 292, 307 (1937), the waiver of constitutional rights requires "clear and compelling evidence" that the employees wish to waive their First Amendment right not to pay union dues or fees. *Janus*, 138 S. Ct. 2484. In addition, "[c]ourts indulge every reasonable presumption against waiver of fundamental constitutional rights."

*College Savings Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666 (1999) (*citing Aetna Ins. Co. v. Kennedy ex rel. Bogash*, 301 U.S. 389, 393 (1937)).

The First Amendment right of free speech, which the Court based its decision upon in *Janus*, is a fundamental right. *Schneider v. New Jersey*, 308 U.S. 147, 161 (1939).

The Court made clear in *Janus* that consent for the deduction of union dues or fees is not constitutional unless a waiver of First Amendment rights is "freely given" and "clear and compelling." That waiver cannot be presumed.

As already explained, any previous dues/fees authorizations were based on an unconstitutional choice: pay dues to the union as a member, or pay fees to the union as a nonmember. As such, union dues/fees deduction authorizations executed prior to *Janus* were not freely given.

Furthermore, any union dues/fees deduction authorizations executed prior to *Janus* fail to provide a clear and compelling waiver of an employee's First Amendment rights because they lack express language stating 1) the employee has a constitutional right not to pay a union and 2) the employee is waiving that constitutional right.

Without language explaining that an employee has a constitutional right not to pay a union and confirming that the signatory is waiving his or her constitutional rights, a union dues/fees deduction authorization signed by an employee cannot be a clear and compelling waiver of an employee's rights under *Janus*.

Union dues deduction authorization forms signed by government employees before *Janus* cannot meet the standards set forth for waiving a constitutional right. Therefore, government employers in states that were considered agency fee jurisdictions prior to *Janus* may not continue to deduct any dues or fees from government employees based on dues deduction authorizations signed prior to *Janus*.

Sincerely,

Jeffrey Schwab
Senior Attorney